[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 27, 1990, the defendant filed with the clerk of the Superior Court for the District of Fairfield a notice of condemnation and assessment of damages for the plaintiff's property for the purpose of layout, alteration, extension and CT Page 726 improvement of the highway known as Route 25. The defendant assessed as damages in the amount of Nineteen Thousand Dollars ($19,000) pursuant to Connecticut General Statutes Section 13a 73(b).
The plaintiff's property taken by the defendant and lost to the plaintiff was an area strip fronting of the plaintiff's property situated in the Town of Monroe, County of Fairfield, State of Connecticut on the southwesterly side of the present Connecticut Route 25 and described as follows:
NORTHERLY — by Present Conn. Route 25, Main Street, 15 feet, more or less;
NORTHEASTERLY — by Present Conn. Route 25, Main Street, 210 feet;
SOUTHEASTERLY — by land now or formerly of Bradford J. Martin et al, 17 feet, more or less;
SOUTHWESTERLY — by remaining land of Bradford W. Martin, 215 feet, more or less, by a line designated "Easement Line," as more particularly shown on the map hereinafter referred to.
Said easement is more particularly shown and delineated on a map entitled: "Town of Monroe, Map Showing Easement Acquired From Bradford W. Martin by The State of Connecticut, Conn. Route 25 — Main Street, Scale 1" = 40', February 1989, Robert W. Gubala, Transportation Chief Engineer Bureau of Highways." (84 89-2)
The plaintiff claims he is aggrieved because the assessment is inadequate.
The portion taken is approximately .07 acres of an entire tract of 1.59± acres. This .07 acre strip was frontage to and along the road. It was a prominent strip between the road and the business improvement which conducted automobile sales and repairs. This business at this location existed for 30 years.
The issue involved is what is the fair market value of the plaintiff's land taken on June 27, 1990, the date of condemnation. The fair market value is the true and just compensation for the defendant's acquisition of the plaintiff's CT Page 727 property.
The plaintiff's property including the easement strip taken was used in its highest and best use. The business has existed for 30 years in the sale of automobiles and repair of cars.
The appraisers employed the comparable property sales of similar properties to determine fair market value of the taken strip of land for the full and perpetual easement.
The court considered the before and after values being after the taking as the appraisers viewed it.
Defendant's Summary:
 Before Value $450,200 Damages Confined to Easement Area $ 19,000 -------- After Value $431,200
 Total estimated damages for the easement acquired is $19,000.
Plaintiff's Summary:
 Prior to Taking — Seven Hundred Eight Thousand Dollars ($708,000)
 After Taking — Six Hundred Fifty Thousand Five Hundred Dollars ($650,500)
 Estimated Damage- Fifty Seven Thousand Five Hundred Dollars ($57,500)
The plaintiff's appraisal of $57,500 for the 3,049 square foot strip taken equals $18.86 a square foot.
The defendant's appraisal of $1,900 for the 3,049 square foot strip was $6.24 per square foot rounded out by the appraiser to $6.50 per square foot.
On the view of the subject property and surroundings, it is very apparent that tract left, i.e., the 1.65 acres was subject and dependent on the strip of land taken. The remaining land is hurt in its importance to the business because of the reduced CT Page 728 area for display of automobiles for sale.
The highest and best use of the entire land as used is impaired by the reduced display area.
The fair market value of land is not just the measurement, it is valuable or not — for location, use, productivity and what it provides to the full land from which it is severed.
The condemned strip for full and perpetual easement is more valuable than other segments of the plaintiff's property. It serves the remaining land. It is needed by the remaining land and enhances the valuable activity of the remaining land or similar area segments.
The court viewed the subject property and the surrounding area.
It can be seen that the remaining plaintiff's lot was very dependent and made more useful in the business conducted. It is found that the fair market value of the premises is $40,000.
The plaintiff is due an additional $21,000 above the $19,000 provided in June 1990.
The rate of interest of 5.5% uncompounded shall accrue, until paid, on the deficiency of $21,000.
The plaintiff is also entitled to appraiser fees which he is obligated to pay of $1,750.
Michael J. Sicilian State Trial Referee